RECEIVED NOV 18 2010

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| PHILLIP B. TERRY-SMITH </br></br>19 Post Office Ave, Apt 2.</br>Laurel, Maryland</br>      Plaintiff </br></br>vs. </br></br>BANK OF AMERCA, NA</br>100 North Tryon Street</br>Charlotte, North Carolina </br></br>Serve: </br></br>Bryan T. Moynihan, President</br>Bank of America</br>100 North Tryon Street</br>Charlotte, North Carolina 28255 </br></br>      Defendant | Case No. |

### COMPLAINT

Plaintiff Phillip B. Terry-Smith files the following Complaint alleging violations of Maryland's consumer protection laws, and the Fair Debt Collection Practices Act against Bank of America and in support thereof states as follows:

1. This Court has jurisdiction over this matter pursuant to 6-103 CJP and venue is appropriate in this Court pursuant to 6-202(8) CJP because the events which form the basis for this action occurred in Prince George's County and the

property which is the subject of this action is located in Prince George's County.

2. Plaintiff resides at 19 Post Office Avenue, Apt 2, Laurel, Maryland.

3. Defendant Bank of America is a residential mortgage lender. Its principal place of business is located at 100 North Tryon Street, Charlotte, North Carolina 28255.

4. Plaintiff became unemployed in May of 2008.

5. Plaintiff purchased the property located at 19 Post Office Avenue, Apt 2, Laurel, Maryland on June 27, 2007 through a loan in the amount of $219,000.00. A deed of trust securing the loan was recorded in the land records for Prince George's County on August 14, 2007 at Liber 28405 and Folio 325.

6. Plaintiff paid his monthly payments in a timely manner from July of 2007 until August of 2008.

7. From May of 2008 until August of 2008, Plaintiff paid his monthly expenses, including his mortgage payment, from a severance package, 401K and other reserves.

8. In late August or Early September 2008, Plaintiff contacted Bank of America formerly Countrywide to notify it that he was running low on reserves and requested assistance with his monthly payment by way its loss mitigation program.

9. In response to Plaintiffs request for a loan modification, a Bank of America representative advised Plaintiff to stop making payments for three months.

11. Paragraphs 1-10 are realleged, reaffirmed and incorporated herein by reference.

12. Defendant, Bank of America, is a debt collector as that term is used in the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6). On January 8, 2009, Plaintiff executed a loan agreement with Bank of America formerly known as Country wide. The agreement required that Plaintiff resume making his regular monthly mortgage payment of $2,219.39 on January 1, 2009. In addition, Bank of America agreed to bring the loan current.

11. Plaintiff paid each scheduled monthly payment to Bank of America from January 1, 2009 until the current date.

12. Defendant has reported Plaintiff late to all credit bureaus from January 2009 until the current date.

13. By virtue of reporting Plaitiff late, defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(10), 15 U.S.C. §1692f(6). Reporting Plaintiff late to the credit bureaus caused his credit score drop and thus his ability to receive competitive credit opportunities has been harmed.

14. As a result of this inaccurate reporting, Plaintiff has suffered damage in the amount of $400,000.

COUNT II

(Maryland Consumer Protection Act, §13-301 CL *et seq*)

15. Paragraphs 1 – 14 are realleged, reaffirmed and incorporated herein by reference.

16. Defendant is an entity covered by and subject to regulation under the Maryland Consumer Protection Act, §13-301 CL *et seq*

17. In falsely reporting Plaintiff late on his mortgage payment, defendant materially misrepresented the facts pertaining to his payment history in violation the Maryland Consumer Protection Act, §13-301 CL *et seq*.

18. As a result of these misleading statements Plaintiff has suffered damage because his credit score has dropped dramatically and he is unable to obtain credit at current market rates.

19. As a result Plaintiff seeks damages in the amount of $400,000 for which the Defendant is liable.

WHEREFORE, plaintiff prays that the Court

a. award plaintiff compensatory damages in the amount of $400,000, plus attorneys' fees and costs, and

b. grant such other relief as the Court may consider appropriate.

Respectfully submitted,

Richard I. Chaifetz
Thomas M. Sulin
Chaifetz & Coyle, P.C.
9881 Broken Land Parkway, Suite 300
Columbia, Maryland 21046
(443) 546-4608
Attorneys for Counter Plaintiff

**JURY DEMAND**

Plaintiff requests a jury trial on her Counterclaim.

Thomas M. Sulin